UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-CR-00004 MTS-SRW |
| LASHONNE CLAYBON, | ) ) ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

COMES NOW, the United States of America, by and through Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Ashley M. Walker, Assistant United States Attorney for said District, and for the Government's Response to Defendant's Motion to Suppress Evidence and Statements, and Memorandum of Law [Doc. 33], states as follows:

**INTRODUCTION**

Defendant Lashonne Claybon is charged in a one count Indictment with Felon in Possession of a Firearm in violation of 18 U.S.C. §922(g)(1). Defendant's Motion focuses on the validity of the stop and subsequent seizure of evidence, including a search of a bag containing a firearm, and statements made post *Miranda*. [Doc. #33]. At a hearing, Officer Kopfensteiner would testify that the Defendant violated traffic laws by failing to signal prior to turning, thereby have probable cause to conduct a traffic stop of the vehicle. Once the vehicle was stopped, police conducted their limited investigation related to the perceived traffic violation. During this limited "seizure" of Defendant, police asked for safety reasons whether Defendant possessed a gun. Defendant admitted that he possessed a gun in a bag, which was in plain view on the passenger

floorboard. Thus, police had probable cause to seize and search the bag. After a gun was discovered in the bag and it was confirmed that Defendant was prohibited from possessing firearms, Defendant was placed under arrest. No Constitutional violations occurred and Defendant's motion should be denied.

## **FACTS**[1]

On or about August 8, 2024, detectives with the St. Louis Metropolitan Police Department, (SLMPD) Drug Enforcement and Intervention Unit, were on patrol in the College Hill neighborhood. While traveling north on Grand Ave. from Natural Bridge Rd.., the detectives observed a gray Camry weaving through traffic and failing to signal when turning. As a result of the traffic violations, the detectives conducted a traffic stop. As the detectives exited their vehicle and approached the Camry, they observed a black male, later identified as the Defendant, to be the sole occupant of the vehicle. For officer safety, the detectives asked the Defendant if he had any firearms. The Defendant stated he had one in his bag. The detectives were able to see the bag on the passenger side floorboard of the car.

A computer inquiry of the Defendant was conducted, and it revealed he was a convicted felon and therefore disqualified from possessing firearms. As a result, the officers searched the bag identified by the Defendant as containing a firearm. A search of the bag revealed a Taurus SAR 9 handgun and a large clear plastic bag containing suspected marijuana and numerous

---

[1] The United States expects that the evidence at any evidentiary hearing or trial in this case will demonstrate the facts included in this background section.  This section merely is an outline of the United States' evidence to be presented at the hearing on Defendant's motion and should not be deemed a Bill of Particulars binding the United States to a fixed theory of proof.

2

multicolored tablets of suspected ecstasy. The Defendant was advised of his rights per *Miranda*[2] and admitted to possession of the firearm and narcotics.  The Defendant was also written two citations for the traffic violations, including failing to signal before turning, and for failing to have a valid driver's license.

## RELEVANT CASE LAW AND ARGUMENT

**The police had probable cause to stop the vehicle occupied by the Defendant based upon their observation that Defendant failed to use his turn signal.**

"A traffic stop is considered a seizure for Fourth Amendment purposes." *United States v. Guevara*, 731 F.3d 824, 827 (8th Cir. 2013). The Fourth Amendment provides:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

To justify the seizure, the stop must be "supported by either probable cause or an articulable and reasonable suspicion that a traffic violation has occurred," and the police must "objectively ha[ve] a reasonable basis for believing that the driver has breached a traffic law." *United States v. Washington*, 455 F.3d 824, 826 (8th Cir. 2006). Traffic stops conducted after traffic violations are reasonable. "A traffic violation—however minor—creates probable cause [for the police] to stop the driver of a vehicle." *United States v. Wright*, 512 F.3d 466, 471 (8th Cir. 2008) (quoting *United States v. Bloomfield*, 40 F.3d 910, 915 (8th Cir. 1994) (en banc));

---

[2] *Miranda v. Arizona,* 384 U.S. 436 (1966).

3

*United States v. Fuse*, 391 F.3d 924, 927 (8th Cir. 2004). The government bears the burden of establishing that probable cause existed under the totality of the circumstances. *United States v. Andrews*, 454 F.3d 919, 922 (8th Cir. 2006). Here, the officers had probable cause to believe one or more traffic violations had occurred.

Once a traffic stop has been conducted the police are authorized to check for a driver's license and the vehicle's registration; conduct computer searches relating to criminal history, and detain defendants for as long as reasonably necessary to conduct these activities and to issue a warning or citation. *United States v. Brown*, 345 F.3d 574, 574 (8th Cir. 2003); *See also United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010) (quoting *United States v. Jones*, 269 F.3d 919, 924–25 (8th Cir. 2001). The U.S. Supreme Court has explained that "[a] seizure for a traffic violation justifies a police investigation of that violation. "*Rodriguez v. United States*, 135 S. Ct. 1609, 1614 (2015) (collecting cases: "[A] relatively brief encounter," a routine traffic stop is "more analogous to a so-called '*Terry* stop' ... than to a formal arrest." *Knowles v. Iowa*, 525 U.S. 113, 117, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998) (quoting *Berkemer v. McCarty*, 468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984), in turn citing *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)); *See also Arizona v. Johnson*, 555 U.S. 323, 330, 129 S.Ct. 781, 172 L.Ed.2d 694 (2009))."[S]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *United States v. Gunnell*, 775 F.3d 1079, 1083 (8th Cir. 2015) (quoting *Whren v. United States*, 517 U.S. 806, 813 (1996)) (alteration in original); *see also United States v. Frasher*, 632 F.3d 450, 453-54 (8th Cir. 2011).

Here, the detectives had probable cause to conduct a traffic stop of the Defendant. As Detective Kopfensteiner will testify, he was on patrol with his partner Officer Priddy in the College Hill neighborhood in an unmarked vehicle. He observed the Defendant's gray Camry weaving through traffic which is what drew his attention. From there, the detectives followed the vehicle and observed it turn westbound on West Florissant without signaling. This is a clear violation of traffic laws and probable cause to conduct a traffic stop. As a result, the detectives conducted a traffic stop of the vehicle. By Defendant's own admission, once the Defendant was pulled over, "the rest of the traffic stop proceeded as detectives have reported." Doc. 33 at 3 of 5. The Defendant admitted that the detectives approached him and asked for his pedigree information. The Defendant admitted the officers asked him if there were any firearms for officer safety purposes. Defendant admitted he informed the officers he had a firearm in his bag. The Defendant admitted he was provided *Miranda* warnings and after such, he admitted to ownership of the firearm and that he obtained it for his protection. Where officers advise a defendant of his *Miranda* rights and he signs a written waiver, then a subsequent confession is voluntarily and lawfully obtained. *See United States v. White Bear*, 668 F.2d 409, 412–13 (8th Cir. 1982).

As such, the Defendant's motion to suppress statements and evidence must be denied.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

*/s/ Ashley M. Walker*
Ashley M. Walker, #67175(MO)
Assistant United States Attorney
111 South Tenth Street, 20th Floor
Saint Louis, Missouri 63102
ashley.walker@usdoj.gov
Telephone: (314) 539-6811
Facsimile: (314) 539-3887

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 12th day of September 2025, to attorney for defendant.

s/ *Ashley M. Walker*
Assistant United States Attorney